Farmers' National Bank of Annapolis, Respondent, *v.* William A. Underwood, Appellant, Impleaded with Others.

*Papers read on a motion must be recited in the order made.*

Under rule 3 of the General Rules of Practice, all papers used or read on a motion upon either side must be specified in the order, and where it appears that an order does not specify a paper which was handed to the court upon the hearing of a motion, the Appellate Division will order a resettlement of the order so that it may recite the paper omitted.

An objection by the successful party entering the order on the motion, that the paper was unnecessary and superfluous; that it was introduced only for a special purpose, and that it was voluminous, and the printing of it on appeal would be expensive, affords no ground for a denial of the motion.

Appeal by the defendant, William A. Underwood, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of November, 1896, denying his motion to resettle an order entered in said clerk's office on the 7th day of November, 1896.

*Walter H. Underwood*, for the appellant.

*Charles De Hart Brower*, for the respondent.

Per Curiam:

The defendant made a motion for leave to serve a proposed amended answer, which was argued and denied; and although the defendant served upon plaintiff's attorney a demand for notice of settlement, the latter entered an order denying the motion, no notice of settlement having been given. It is alleged by defendant, and conceded by plaintiff's attorney, that upon the motion one of the papers used by plaintiff had not been included in the recitals, and attention having been called to such omission the plaintiff's attorney, while admitting the fact that the omitted paper had been used and handed up by him on the motion, refused to resettle the order. Thereupon the defendant moved for a resettlement thereof, which application was denied, and it is from the order denying such resettlement that this appeal is taken.

Rule 3 requires that all papers used or read on a motion on either side must be specified in the order.   It being conceded that the omitted paper was presented to the court by the plaintiff in opposition to the motion, no good reason is assigned why it should not be recited.   The plaintiff, while admitting the use, now insists that, as it was an unnecessary and superfluous paper, its omission from the recitals was proper.   We think where, as here, the paper was used by the plaintiff's attorney and was then deemed by him necessary, that after his success in defeating defendant's motion it does not lie with him to say that a paper so used was unnecessary and superfluous.

From the memorandum made by the learned justice at Special Term it is evident that he acted under a misapprehension of the facts, and with no intention of denying the defendant any of the rights to which he was entitled.   The memorandum states that the application to resettle the order was denied because the petition of the defendant and the deposition of Randall formed no part of the motion papers upon which said order was made.   But it is conceded that both were used, and one of them, the petition, is recited in the order as having been used.   Another reason assigned for denying the resettlement was that the paper omitted was not specified in the notice of motion.   In this statement the judge overlooks the fact that the paper was not used by the defendant, who was the moving party, but by the plaintiff in opposition, and, therefore, could not have been anticipated, nor was the defendant required to specify it in his notice of motion.

The plaintiff, however, insists ·that the paper omitted, which was the deposition of Randall, was introduced only for certain purposes. This is no reason why it should not be recited, because if introduced its use could not be restricted for the benefit of the one introducing it, and ignoring entirely the advantage which might be gained therefrom by the other party.   The other objection, that its recital would involve its being printed upon appeal, and being voluminous, that it would be expensive, is equally without weight, because such expense would have to be borne by the defendant who seeks to have it recited, and as to the printing, under rule 34 of the General Rules of Practice, the parties themselves may, or the judge could, upon notice, settle a statement respecting the same, or the parts thereof

to be printed upon the appeal from the order, to be used in the place of the original, and thus limit the printing and the expense. If plaintiff's attorney had acceded to the demand for notice of settlement of the original order, the motion for resettlement and the misapprehension as to the facts by the learned judge at Special Term, as well as this appeal, could have been prevented.

Where there is any dispute upon the question as to what papers were used, the declaration of the justice hearing the motion is conclusive. But where it appears that the justice was under a misapprehension, and that the paper was used by the plaintiff in opposing the defendant's motion, the latter under the rules is entitled to have that fact recited in the order.

We think the order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

Present — VAN BRUNT, P. J., WILLIAMS, PATTERSON, O'BRIEN and INGRAHAM, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.