(31 Misc. Rep. 264.)

## SILO v. LINDE.

(Supreme Court, Appellate Term. April 16, 1900.)

MOTIONS—ORDERS—RESETTLEMENT—AFFIDAVITS.

  Defendant was not entitled to the resettlement of an order on the ground that it failed to recite his submission of an affidavit, where it appeared that he had failed to state to the court, on the oral argument of plaintiff's motion therefor, that he intended to submit an opposing affidavit, and plaintiff did not then know that the affidavit had been submitted, since defendant was required to advise plaintiff and the court of such affidavit on the oral argument, if he desired it to be considered on the motion.

Appeal from city court of New York, general term.

Action by James P. Silo against Herman Linde. From an order of the New York city court affirming an order of the special term denying defendant's motion for the resettlement of an order, he appeals. Affirmed.

See 61 N. Y. Supp. 1103, 1148.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Herbert R. Limburger, for appellant.

Wales F. Severance, for respondent.

PER CURIAM. The plaintiff moved at the special term of the city court to strike out certain portions of the defendant's answer as scandalous and irrelevant. The motion was granted, and an order was made and entered accordingly. The attorneys for the defendant thereupon moved for a resettlement of the order, on the ground, among others which we are not required to consider-on this appeal, that it did not recite an affidavit which they claimed they had submitted. The motion was denied, and,·the order made thereon having been affirmed by the general term of said court, the matter is now before us upon an appeal to this court.

The motion for a resettlement was based upon the affidavit of the counsel who contested the original motion, in which he states that "the said order fails to recite the submission of an affidavit of Herbert R. Limburger, verified the 6th day of October, 1899, which was submitted on behalf of the defendant on the said motion and filed herein." This is all that is stated by him upon the subject. An answering affidavit was read by the attorney for the plaintiff, in which he swears that upon the argument of the original motion the counsel for the defendant did not state to the court that he had in his possession any affidavit, or that he intended to submit any affidavit in opposition to the motion, and that he (the plaintiff's attorney) never knew that any affidavit had been submitted on the part of the defendant until after the decision. Numerous decisions have been cited by the learned counsel for the defendant upon which he relies in support of his appeal, the principal ones being Bank v. Underwood, 12 App. Div. 269, 42 N. Y. Supp. 500; Zimmer v. Railroad Co., 28 App. Div. 504, 51 N. Y. Supp. 247; Deutermann v. Pollock, 36 App. Div. 522, 55 N. Y. Supp. 829; Rubber Co. v. Rothery, 112 N. Y. 592, 20 N. E. 546. We have no doubt of the fact that both parties .have the right to a recital in the order of all papers used or read upon a motion, and, if it appeared here without dispute that the affidavit in question had been used or read within the meaning of those words, we should have no hesitation in reversing the order appealed from. But accepting, as we should for the purposes of this appeal, the version of the matter given in the affidavit of the plaintiff's attorney, we do not think that the affidavit in question was so used or read. The motion was not submitted without argument upon papers furnished to the court by the parties. It was orally argued, and it was then the duty of the counsel for the defendant to advise his opponent and the court that he offered an affidavit in opposition to the motion. The argument of a motion

presupposes the submission to the court of all the evidence upon which it is made or opposed, and counsel is entitled to know upon what proofs his opponent relies in order properly to present his side of the case upon the argument, and to apply for leave to present affidavits in reply where his opponent's papers are of a character to make such an application a proper one. In this view of the matter the affidavit in question was neither read nor used upon the motion, according to any proper conception of orderly practice, and the justice below was acting within his right in refusing to consider it in deciding the motion, as we must assume he did from his refusal to recite it in his order. The order appealed from was right, and should be affirmed.

Order affirmed, with $10 costs and disbursements.