(108 App. Div. 303.)

ADAMS et al. v. BRISTOL et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. TRIAL—CALENDARS—PARTITION—NATURE OF PROCEEDING.
   An action for partition of real estate is in equity, and properly on the Special Term calendar.

2. PARTITION—PROCEEDINGS—INTERLOCUTORY JUDGMENT—RECITALS.
   In partition the issues of fact were sent to the Trial Term for trial by jury. By stipulation the issues were submitted to the presiding justice, whose determination should be embodied in findings, which should have the same effect as if the trial had been heard before the justice sitting at a Special Term. *Held*, that, on presenting the case at Special Term for interlocutory judgment, plaintiff should make it appear, by affidavit of the regularity of the proceedings, that all the issues were determined by the justice, and the interlocutory judgment should recite the notice by which the matter was brought before the court and the papers on which the judgment was entered, so as to make them a part of the papers before the court on which the judgment was granted, enabling the party aggrieved to appeal, as authorized by Code Civ. Proc. § 1353, providing that an appeal from an interlocutory judgment must be heard on the papers used before the court.

Appeal from Special Term, New York County.

Action by William C. Adams and another against Elias L. M. Bristol and others. From an order refusing to resettle an interlocutory judgment, defendant Elias M. Bristol appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

Arthur C. Townsend, for appellants.

Payson Merrill, for respondents.

INGRAHAM, J. This action was for the partition of real property in which the appellant interposed an answer. It came on for trial at Special Term, where upon the consent of the parties an order was entered sending the issues of fact raised by the pleadings to the Trial Term for trial by a jury. The trial of these issues came on at Trial Term, whereupon, by stipulation, the jury was dismissed and the case submitted to the justice presiding, and it was stipulated that:

"The trial of all issues arising upon the pleadings proceed and be completed before Mr. Justice Clarke without a jury, trial by jury being hereby waived by all the parties who have appeared herein, and that the determination of said justice may be embodied in findings of fact and conclusions of law, such findings of fact and conclusions of law to have the same force and effect as if the trial hereof had been begun and heard before Mr. Justice Clarke, sitting at a Special Term of this court. The parties hereby waive a submission to the jury of the questions of fact in issue in this case."

The trial then proceeded before Mr. Justice Clarke without a jury, who subsequently announced his decision. The defendant pre-

sented proposed findings of fact and conclusions of law, which the court passed upon, whereupon the plaintiffs served upon the defendant notice of motion for judgment, serving a proposed decision of the Special Term and interlocutory judgment. This decision was in form a decision of the Special Term presided over by Mr. Justice Gildersleeve, and recited that the action had come on for trial at a Special Term; that the issues raised by the pleadings had been referred by a Special Term to a Trial Term to be tried by a jury; that after the said trial had been begun before the jury the parties to the action had stipulated in writing a waiver of submission to the jury of the questions of fact in issue in the case, and that the said trial should proceed before Mr. Justice Clarke; and that, the said trial having proceeded as stipulated, and Mr. Justice Clarke having embodied his determination in findings of fact and conclusions of law, and certified the same to the court at Special Term:

"Now, after reading the pleadings and evidence of the parties and the findings of fact and conclusions of law of Mr. Justice Clarke aforesaid, and after hearing the attorneys for the plaintiffs and defendants, and due deliberation having been had, the court decides and finds as follows."

Then follow 22 findings of fact and 10 conclusions of law, finding in favor of the plaintiffs and directing that an interlocutory judgment be entered for the partition and sale of the premises, and the court at the same time entered an interlocutory judgment in accordance with the decision. Whereupon the plaintiffs made a motion to resettle this decision and interlocutory judgment by reciting therein the notice of motion for judgment dated June 24, 1905, and returnable June 29, 1905, at the Special Term of the court, the requests presented to and passed upon by Mr. Justice Clarke, before whom the case was tried at Trial Term, and the affidavits submitted in opposition to the motion. This motion was denied, the court ordering that the plaintiffs' notice of motion and the affidavits and requests to find presented by the defendant, with the ruling of the justice thereon, be added to and made a part of the judgment roll upon which said interlocutory judgment was entered.

The action was in equity and properly upon the Special Term calendar. The parties, however, being entitled to a trial of the issues of fact by a jury under section 1544 of the Code of Civil Procedure, the court by consent ordered such issues to be tried by a jury. Section 972 of the Code of Civil Procedure provides that:

"If the questions directed to be tried by a jury, as prescribed in the last two sections, do not embrace all the issues of fact in the action, the remaining issues of fact must be tried by the court, or by a referee."

These issues having been sent to be tried by a jury, the parties stipulated that a jury should be waived and that the trial be had before Mr. Justice Clarke without a jury, and that the determination of said justice may be embodied in findings of fact and conclusions of law, such findings of fact and conclusions of law to have the same force and effect as if the trial had been begun and heard before Mr. Justice Clarke at a Special Term of the court. Proceeding under this stipulation, Mr. Justice Clarke presumably disposed of all the

issues presented, whether of law or fact, signed his decision, and passed upon the requests to find presented by the defendant, and which decision was transmitted to the Special Term. All that was left then in the case was to apply to the Special Term for judgment in accordance with the findings of fact and conclusions of law settled by Mr. Justice Clarke upon the trial before him, and that was the course adopted by the plaintiff, and the case was then brought on at the regular Special Term for judgment. It does not appear that any issue remained to be disposed of, and the parties had certainly stipulated that all issues in the action should be determined by Mr. Justice Clarke. It would appear that the judgment at Special Term might have been entered upon the findings of fact and conclusions of law as found by Mr. Justice Clarke. Upon presenting the case at Special Term, however, the court signed a decision which apparently embodied the determination of Mr. Justice Clarke and then directed an interlocutory judgment. As there was another party to the action beside the appellant, the plaintiffs were bound to make it appear that there were no other issues in the action, and therefore an affidavit of regularity to be presented at the Special Term was necessary.

It would seem that the proceeding was regular; but I think the defendant was entitled to have recited in the interlocutory judgment the papers upon which it was based, with the notice of motion, and the affidavits thereto annexed, and the affidavits in opposition submitted by the defendant. There being a presumption of the correctness of the recitals in a judgment, it is only fair to the parties that the recital should be a substantially correct account of the proceedings upon the trial and the method by which the case was tried before the court. Annexing these papers to the judgment roll does not make them a part of the papers before the court upon which the judgment was granted, and I think a party is entitled to have recited in the judgment the notice by which the question was brought before the court and upon which the judgment was entered, and this becomes important in case an appeal should be taken from the interlocutory judgment; for by section 1353 of the Code of Civil Procedure it is provided that:

"An appeal from an interlocutory judgment, or from an order, taken as prescribed in this article, must be heard upon a certified copy of the notice of appeal and of the papers used before the court, judge or justice upon the hearing of the demurrer, application for judgment, or motion as the case requires."

And these papers are required by rule 3 of the general rules of practice to be recited in the judgment. This is in accordance with our decision in Farmers' National Bank v. Underwood, 12 App. Div. 269, 42 N. Y. Supp. 500. I think, therefore, that the order appealed from should be reversed, and the interlocutory judgment amended by striking out all of page 44, folio 132, of the record after the words "June 10, 1905," and inserting in lieu thereof the words:

"And the plaintiff having brought on the action for final judgment by a notice dated June 24, 1905, and the court having adopted the decision of Mr. Justice Clarke at Trial Term, and made and filed a decision finding the

facts and conclusions of law in accordance with such decision of Mr. Justice Clarke, on the 29th of June, 1905, which decision confirmed the findings of fact and conclusions of law of Mr. Justice Clarke as aforesaid, and directed the interlocutory judgment to be entered thereon; and after reading and filing the summons and proof of its due service on the defendant as aforesaid, and the pleadings herein and the order for a jury trial made and entered on March 13, 1905, and the minutes of the trial, including the exhibits and the stipulation waiving the jury as aforesaid, and the findings of fact and conclusions of law made by Mr. Justice Clarke and dated June 10, 1905, and the proposed findings of fact and conclusions of law submitted by the defendant, with the determination thereon by Mr. Justice Clarke, before whom the case was tried, and the notice of the application for an interlocutory judgment served by the plaintiffs upon the attorneys for the defendants, dated June 12, 1905, with the affidavits of Alfred H. Holbrook, Esq., verified the 24th day of June, 1905, in support of this application, and the affidavit of Arthur O. Townsend, Esq., verified the 29th day of June, 1905, and the affidavit of Paul Gorham, verified the 28th day of June, 1905, in opposition thereto, and the decision of this court made on the 29th day of June, 1905."

It is not required that the decision should be resettled, as the decision should not recite the papers upon which the judgment was entered or the former proceedings in the action. The appellant to have $10 costs and the disbursements of this appeal. All concur.