CONLON v. KELLY et al.

(Supreme Court, Appellate Division, First Department.  June 5, 1908.)

1. APPEAL AND ERROR—REVIEW—PROPER RECITALS.
    On appeal, the court is justified in reviewing the action of the lower
    court in determining as to the proper recitals of an order on motion only
    where the fact of what took place before the court is undisputed.

2. MOTIONS—ORDERS—RECITALS.
    Where judgment rolls were expressly referred to on the argument of a
    motion as having a material bearing on the question to be decided, the
    court was justified in using the judgment rolls in determining the ques-
    tion, and, they being in the custody of the court when the motion was
    made, the court could refer to them and insert them in the order.

3. APPEAL AND ERROR—RECORD—JUDGMENT ROLLS—RECITALS IN ORDER.
    Under General Rules of Practice, rule 34, if judgment rolls recited in
    an order are not necessary to be printed on appeal from the order, ap-
    pellant has a right to apply to the court from which the appeal is taken
    to determine the parts thereof to be printed on appeal from the order,
    to be used in place of the original documents.
    Houghton and McLaughlin, JJ., dissenting.

Appeal from Special Term.

Action by Eva K. Conlon against Mary A. Kelly and others.
From an order denying plaintiff's motion to resettle an order by
striking therefrom a recital of certain affidavits and judgment rolls,
as being papers upon which the motion was decided, she appeals.
Affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON,
CLARKE, and SCOTT, JJ.

J. H. Marsh, for appellant.
William M. Smith, for respondents.

INGRAHAM, J.  Upon an affidavit of one of the defendants' at-
torneys, which alleged that this was a special proceeding commenced
by the service on the plaintiff, Eva A. Conlon, of a petition and an
order to show cause; that Eva A. Conlon interposed her answer to
the petition, and the matter duly came on for argument at the Special
Term; that on or about May 3, 1908, a final order was duly made
and entered, from which order the defendants have appealed; that
upon the argument of the motion the court gave to the petitioner per-
mission to file affidavits in reply to the answer, and directed that the
same be served on the attorneys for the defendant Conlon, and the
affidavit of one Fox was accordingly filed with the court and a copy
thereof served on the attorneys, and that no other affidavits or papers
were served upon the said attorneys; that there was contained in
said order determining the proceedings a recital of "affidavits, judg-
ment rolls, and other papers which were not mentioned in the moving
papers, and the defendant, Eva K. Conlon, and her attorneys, had
no notice that they were to be used upon this motion, and so far as
deponent or his said firm knows were never before the court"; that
one of these judgment rolls consisted of 70 printed pages and the
other of more than 120 folios; that the petition prayed that the re-

ceiver pay over to the petitioner the rents and profits collected from certain real property; and that the order entered in this proceeding so directs, and discharges the receiver—an application was made to resettle the order. There was submitted in answer to this motion an affidavit of one of the defendants' attorneys, which stated that he argued the motion and that the order was entered after a notice of settlement, that the notice to resettle the order was not made until after the plaintiff had appealed from the order, and that, to the best of the deponent's recollection, the judgment rolls or their contents were referred to by the deponent during the argument of the motion, and also by other counsel heard on the argument, that one of the affidavits mentioned was expressly referred to in the petition of Joseph L. Buttenwieser, and that the other affidavit was merely a statement by the receiver as to the amount of money in his hands, and was furnished by the direction of the court, so that that amount could be ascertained.

Upon these papers the court, presided over by the same justice who heard the motion and made the order, denied the motion to resettle the order. The appellant has not seen fit to print either the motion papers upon which the order sought to be resettled was entered, nor the order which she seeks to have resettled; and we are forced to rely upon incidental mention of the nature of the proceeding and the form of the order that was entered contained in the affidavit of the moving party. It follows that it is quite impossible for the court to determine intelligently from this record whether these judgment rolls were necessary for the court's decision of the application before it. It, however, appears that the question to be determined by the court was to whom the money in the hands of the receiver should be paid, and that one of these judgment rolls was the judgment in this action, although that fact is not asserted in any of the affidavits, and that the other judgment roll was a judgment to which this defendant was a party. Whether the plaintiff was a party to that action does not appear; nor does it appear whether the receiver was appointed in this action, or under what circumstances he became possessed of the moneys which were in controversy. These judgment rolls were on file with the clerk of the court, in the courthouse in which the motion was heard. If the receiver had been appointed in these actions and held the fund subject to these judgments, it is apparent that they should be considered before determining to whom the money should be paid. In the affidavit of the attorney making the motion it is not stated that these judgment rolls were not referred to in the moving papers; the only allegation being that copies of them were not served upon the plaintiff, and the judge, by denying the motion to resettle the order, has in effect certified that the papers there recited were actually before him, and were the papers upon which he determined the motion. There is nothing to show whether or not they were relevant or necessary for a proper determination of the question submitted upon this motion; and, if they were referred to on the argument before him, he was certainly justified in sending for these judgment rolls, and considering them upon the application which was submitted to him. The question is as to the affidavits and papers used

by the court in deciding the application, and, when an application is made to carry into effect a judgment duly entered in the action in which the proceeding is brought, no rule that I know of requires that copies of such judgment should be served as a part of the moving papers. As to what was before the court to whom the motion was made, we must necessarily depend upon the determination of the court itself; and it is only where the fact of what took place before the court is undisputed that we are justified in reviewing the action of the court in determining the question as to the proper recitals of the order. In this case we think that, as these judgment rolls were expressly referred to on the argument as having a material bearing upon the question to be decided, the court was justified in using the judgment rolls in determining the question and, their being in the custody of the court when the motion was made, the court was at liberty to refer to them, and, having referred to them and made its determination upon them, it quite properly inserted them in the order as the papers upon which he had made the determination which re-sulted in the entry of the order. If these judgment rolls were not necessary to be printed upon the appeal from the order, the pl~intiff has a right to apply to the court from which the appeal is taken to determine the parts thereof to be printed upon the appeal from the order to be used in place of the original documents. . Rule 34 of the General Rules of Practice.

The order should therefore be affirmed, with $10 costs and disbursements, without prejudice to an application to the Special Term for such relief.

CLARKE and SCOTT, JJ., concur.

HOUGHTON, J. (dissenting). The defendants obtained an order containing a recital that certain affidavits and judgment rolls were read upon the motion. The plaintiff moved to resettle the order by striking out such recitals on the ground that the affidavits and judgment rolls were not mentioned in the moving papers, nor read or furnished to the court on the argument. The moving papers for the resettlement conclusively showed such to be the fact. The opposing affidavit in behalf of defendants did not state that the affidavits and judgment rolls were mentioned in their moving papers on the original motion, or that they were actually before the court or read by him on granting the order, but claims.that they were properly recited as papers read on the motion, because they were on file in the clerk's office and were referred to by counsel upon the oral argument of the motion. This did not entitle them to be recited as read on the motion. A paper cannot be said to have been used by a court on decision of a motion simply because it happens to be on file in the clerk's office when neither party produces it or asks him to consider it. When an order is sought to be resettled, and there is a dispute as to what papers were used and as to what recitals should be inserted, the determination of the judge or Special Term granting the order is conclusive upon this court. Farmers' Nat. Bank v. Underwood, 12 App. Div. 269, 42 N. Y. Supp. 500. Where, however, it appears without

dispute that a paper was or was not used upon the motion, this court has power to review a resettlement. A recital that a certain paper was read on a motion when it was neither mentioned in the moving papers nor permitted by the court to be read is manifestly improper. Such practice, not only compels the party who desires to appeal to incur the expense of printing a paper not used, but permits a review of the order upon papers other than those upon which it was granted. Merely orally referring to papers upon the argument of a motion is not such use of them as permits their recital in the order as having been read.

There being no dispute that the affidavits and judgment rolls were not legally read upon the motion, recitals to that effect in the order were improper, and the order should have been resettled by striking them out.

I therefore vote for a reversal.

McLAUGHLIN, J., concurs.