ANNA D. WAY, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant, and HENRY DELEGGE, as Administrator, etc., of ROSE MARIE DONETTA WAY, Deceased, Defendant.

Fourth Department, November 5, 1937.

*Nicholas J. Weldgen,* for the appellant.

*Glenn L. Buck,* for the respondent.

CROSBY, J. Plaintiff sued to recover the amount of an insurance policy issued by the corporate defendant upon the life of plaintiff's mother-in-law. The policy was of the so-called industrial type, payable, by its terms, to the executor or administrator of the insured, unless, at the option of the insurer, it should be paid to some person equitably entitled thereto under the so-called "facility of payment" clause. Plaintiff's proof shows that the policy was delivered to her, that she paid all the premiums, and had possession of the policy until after the death of the insured.

The complaint alleges that plaintiff was informed by defendant's soliciting agent, before and at the time the policy was delivered, that if she paid all the premiums, she would be the beneficiary, and that she believed and relied upon that assurance. The complaint demands that the policy be reformed so as to substitute plaintiff as the designated beneficiary in place of the executor or administrator, and also that the " facility of payment " clause be stricken from the policy.

The evidence is undisputed, and the trial court found, that plaintiff commenced an action, in the City Court of Rochester, on December 7, 1935, to recover the amount of the policy, and that plaintiff submitted to a voluntary nonsuit on March 24, 1936; that, while that City Court action was pending and on February 5, 1936, an administrator of the insured, one DeLegge, commenced an action on the policy; that defendant compromised and settled with the administrator on March 31, 1936, by paying less than the face of the policy. The present action was commenced April 9, 1936, and by an order of the Special Term, made about June 3, 1936, plaintiff was required to bring in the administrator as an additional defendant.

It is defendant's claim that it settled with the administrator for less than the face of the policy by reason of the fact that the age of the insured had been understated and that less than the face of the policy was due. That matter is not before us. The administrator, to whom the policy, by its terms, was payable, gave defendant a release in full before the present action was commenced.

The plaintiff's own testimony is to the effect that she read the policy, understood its terms, knew she was not named as beneficiary, and complained to defendant's agent of the fact that she was not so named. But she relied on the agent's assurance that the policy did not mean what it said.

Under these circumstances the trial court properly found: " That the plaintiff is not entitled to maintain an action against the defendant [insurance company] by virtue of the provisions of said policy," etc. (Kasper v. Metropolitan Life Ins. Co., 244 App. Div. 508; McCarthy v. Prudential Ins. Co., 224 id. 350; affd., with opinion, 252 N. Y. 459.)

However, upon the trial the court suggested that the complaint be amended, in just what way is not very clear. In denying a motion by defendant for a dismissal of the complaint, the court said: " I will deny your motion at the present time. I want to look into that question of equitable lien and have the pleadings amended to conform to the proof if counsel makes the motion." Plaintiff's counsel said: " I intend to make that motion," and the court said: " The pleadings are amended."

Later in the trial plaintiff's counsel moved " to amend the pleadings in accordance with the proof." An objection that the motion was " too general " was overruled, and the motion was granted.

There was not a suggestion during the trial that plaintiff was suing for anything but reformation of the policy and recovery under it as reformed, until after this amendment. Then plaintiff made proof of the several premium payments, and of the computation of interest on the amounts paid. The court awarded a money judgment for the aggregate of premiums paid with interest added. :!

Even under our present practice, which is liberal in regard to amendments of pleadings, an amendment of pleadings to " conform to proof " is likely to lead to injustice when it results in a case being decided upon a theory never dreamed of by either party to the litigation. (See *Copeland* v. *Hugo*, 212 App. Div. 229; *Geier* v. *Pacific Mutual Life Ins. Co.*, 229 id. 811.)

But let us assume, for the sake of argument, that the amendment was properly granted. On what theory was the case decided? In one place the court finds " that at all times   *   *   *   plaintiff has been the sole owner and holder of said policy   *   *   *   and is now the owner and holder thereof." In another place the court finds that the plaintiff " has a lien upon said policy   *   *   *   and the proceeds thereof for   *   *   *   $375.00, with interest." That is to say, a lien upon her own property. There is a finding that plaintiff demanded payment of the premiums back to her, and there is not a word of proof to sustain that finding. It might be claimed that, by the amendment, the action was changed from one for reformation to one for rescission, but if it is an equitable action for rescission, and not a legal action based on rescission, the findings and judgment ought to determine the right to rescission. This judgment is a money judgment, pure and simple, and might be thought to have been awarded on the theory that plaintiff parted with her money induced by deceit. But there is no finding of fraud on the part of defendant. There is a finding (under defendant's requests to find) that " there was no mistake on the part of the defendant   *   *   *   as to the terms of said policy," etc. That being so, and in the absence of fraud on the part of defendant, there could be no rescission, even if plaintiff were mistaken as to the terms of the policy. If plaintiff wanted to sue for a money judgment separate from any equitable relief, she should have brought a legal action in which a jury trial could be had, if desired.

I do not see how defendant could have known what claims it was called upon to meet. The judgment should be reversed on the law and the facts and a new trial ordered, with costs to the appellant to abide the event. Certain findings are disapproved and reversed.

All concur. Present — EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Certain findings of fact disapproved and reversed.