228

In the Matter of the Petition of WYATT D. SHULTZ and CAROLYN SHULTZ DOLCATER, as Coexecutors, etc., of ALBERT B. SHULTZ, Deceased, for the Removal of MANUFACTURERS AND TRADERS TRUST COMPANY as Their Coexecutor and Testamentary Cotrustee.

MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant; WYATT D. SHULTZ and CAROLYN SHULTZ DOLCATER, as Coexecutors, etc., of ALBERT B. SHULTZ, Deceased, Petitioners, Respondents.

Fourth Department, May 23, 1938.

*Louis L. Babcock*, for the appellant.

*Jules C. Randal*, for the respondents.

DOWLING, J. On January 15, 1938, petitioners procured an order returnable January 28, 1938, directing the Manufacturers and Traders Trust Company to show cause why it should not be removed as one of the executors of the last will and testament of Albert Shultz, deceased. The order to show cause required that reply affidavits must be served not later than January 23, 1938. No reply affidavits were served within the time prescribed in this order. On the return day, January 28, 1938, counsel for the Manufacturers and Traders Trust Company, hereinafter called "The Trust Company," appeared specially and moved to dismiss the petition on the ground that the court had no jurisdiction to remove an executor. Louis L. Babcock, Esq., one of the attorneys for said trust company, attempted to file and serve a reply affidavit executed by himself January 25, 1938. Counsel for the petitioners objected to the filing of this affidavit and refused to accept service thereof on the ground that it was not served within the time fixed in the order to show cause, was presented for delay, for the sole purpose of incumbering the record and placing additional expense on the petitioners in the event they should decide to appeal from any order the court might make. The Special Term justice reserved decision on the objections and never rendered a decision thereon.

The question of jurisdiction was then argued before the court. During the course of the argument, counsel for the trust company stated he had determined to interpose an answer or answering affidavits and requested an adjournment for that purpose. Counsel for the parties thereupon entered into the following stipulation: " That an answer to the petition will be interposed on or before February 28, 1938, in the form of affidavits or otherwise." The proceeding was then adjourned to March 11, 1938. This stipulation relieved the court from determining whether it should receive the proffered affidavit and opened the trust company's default in failing to serve its answer and reply affidavits within the time prescribed in the order to show cause.

On February 19, 1938, counsel for the trust company wrote to the Special Term justice as follows: " I find that it will be impossible to complete Replying Affidavits in this matter on the 28th inst., which was the day set for service of the same. I, therefore, request that the time for service of the Replying Affidavits be extended until March 10th, 1938. I am sending a copy of this letter to Mr. Randal."

On February 21, 1938, counsel for petitioners wrote the Special Term justice in part as follows: " I am this day in receipt of a copy of Mr. Louis L. Babcock's letter to you under Saturday's date. * * * I must, therefore, object to any further extensions of time in violation of respondent's stipulation. Of course, if respondent wishes to be relieved from its stipulation, it may attempt this only by motion on notice. (Rules Civ. Prac. rule 87.) Unless such an order is entered, I must decline to receive any answer not seasonably served until required by lawful order of the court. I am sending a copy of this letter to Mr. Babcock."

On February 22, 1938, the Special Term justice wrote the attorney for the petitioners as follows: " Dear Mr. Randal: Mr. Babcock's letter of the 19th inst., requesting an extension until March 10th within which to file answering affidavits in the above entitled matter has been delivered to me; also your letter of the 21st inst., and its contents carefully noted. Inasmuch as the date for oral argument has been fixed for March 11th, I am granting Mr. Babcock's request."

On March 10, 1938, the trust company served its answer and reply affidavits on counsel for the petitioners who, disregarding the extension granted by the Special Term justice, promptly returned them for the reason they had not been served within the time specified in the stipulation of January 28, 1938.

On March 11, 1938, the matter was finally submitted. On April 18, 1938, the Special Term handed down its decision sustaining the

trust company's objection to the jurisdiction of the court and dismissing the petition without prejudice. In the memorandum of decision the court says: " The facts alleged in the petition are categorically denied by the respondent, but for the purpose of the respondent's motion to dismiss for lack of jurisdiction must be taken as true." We find no statement in the memorandum of the learned Special Term justice to the effect that the only papers considered by him in the disposition of the motion were the petition and order to show cause. On the contrary, it is clear that the justice had before him the answer and reply affidavits when he stated in his memorandum, " The facts alleged in the petition are categorically denied." Moreover, he had extended the trust company's time to serve its answer and reply affidavits so they would be before him when the matter was finally submitted. The justice, as appears in petitioners' moving affidavit, also stated to Mr. Babcock on the argument to settle petitioners' order that he had checked the answer carefully.

On April 21, 1938, petitioners served on counsel for the trust company a proposed order with notice of settlement thereof before the Special Term justice on April 23, 1938. On April 21, 1938, counsel for the trust company served on petitioners' counsel a proposed order and notice of settlement returnable in five days. On April 23, 1938, counsel for the trust company appeared and requested an adjournment of the hearing on the settlement of petitioners' proposed order. His request was denied. Whereupon counsel for the respective parties agreed that the trust company's motion to settle its proposed order should be treated as an application for a resettlement and that it might be heard together with the settlement of petitioners' proposed order. On the hearing counsel for the trust company sought to have included in the proposed order the trust company's answer and reply affidavits. Counsel for the petitioners objected thereto and the court sustained the objection. The order proposed by the petitioners was granted and signed April 23, 1938, and was entered in the Erie county clerk's office April 25, 1938. This order does not refer to the answer or reply affidavits of the trust company.

On April 25, 1938, the trust company procured an order from the Special Term justice returnable April 26, 1938, directing petitioners to show cause why the order granted April 23, 1938, and entered April 25, 1938, should not be resettled by reciting therein the answer and reply affidavits of the trust company. Counsel for the petitioners opposed the motion on the ground that the order of April 25, 1938, had already been settled and resettled and that the court had no authority to entertain an application for a resettlement of an

order which had already been settled and resettled. This position is clearly untenable for the reason that the trust company could not consistently have appealed from the order dismissing the petition as it was in its favor and the order contained no reference to the trust company's application to resettle. The court denied the trust company's application to resettle and an order was entered accordingly in Erie county clerk's office April 26, 1938.

On April 26, 1938, petitioners appealed from the order of April 25, 1938, dismissing their petition. On April 26, 1938, the trust company appealed from the order of April 26, 1938, denying its motion to resettle the order of April 25, 1938.

On May 3, 1938, petitioners moved in this court for an order dismissing the appeal of the trust company from the order of April 26, 1938, denying its application to resettle on the grounds: (a) The order is not appealable; (b) the appeal is frivolous, is taken for delay and is not in good faith. If the letter extending the trust company's time to March 10, 1938, to serve its answer and reply affidavits can be treated as an order, the answer and reply affidavits were seasonably served.

Rule 87 of the Rules of Civil Practice provides: " Additional extension of time to plead. Where the time to serve any pleading has been extended by stipulation, or order, no further extension shall be granted by order, unless at least two days' notice of the application therefor has been given to the adverse party. " Petitioners' counsel objected to any enlargement of time to serve an answer or reply affidavits unless the trust company procured such enlargement as provided in rule 87 of the Rules of Civil Practice. Apparently the Special Term justice felt that resort to rule 87 would cause additional delay, the subject of concern to the petitioners, and, inasmuch as all of the facts were before him, he could grant the extension without the formality of a motion under rule 87 and he did so. Did his letter of February 22, 1938, extending the trust company's time to serve its answer and reply affidavits have the effect of a court order? It is common practice for justices at Special Term to grant additional time within which to serve reply affidavits without the formality of an order. If the trust company had moved under rule 87 for an extension, its application, undoubtedly, would have been granted and the result would have been the same. We think, under the facts before us, the extension granted by the learned justice was sufficient to extend the trust company's time to answer notwithstanding the objections to the procedure interposed by the petitioners which were highly technical under the circumstances.

It is clear the Special Term never reached the merits of this controversy. It placed its decision on jurisdictional grounds. The fact the Special Term may not have considered the answer and reply

affidavits on the merits is no proof they were not before it when it rendered its decision.

As to what was before the court on a motion to settle or resettle an order must depend upon the determination of the court itself. It is only where the fact of what took place before the court is undisputed that an appellate court is justified in determining the question as to the proper recitals of an order. (*Conlon* v. *Kelly*, 126 App. Div. 624, 627.) " Where there is any dispute upon the question as to what papers were used, the declaration of the justice hearing the motion is conclusive." (*Farmers' National Bank* v. *Underwood*, 12 App. Div. 269, 271.) An order denying a motion to resettle is appealable except in cases where it is sought to modify or change the relief granted in the original order. (*Bergin* v. *Anderson*, 216 App. Div. 844.)

The material facts are not in dispute. The rights of the petitioners were not prejudiced by the extension granted by the Special Term justice. The order denying resettlement is appealable. The motion to dismiss the appeal should be denied. The order appealed from should be reversed on the law, without costs, and the motion to resettle should be granted, without costs.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Motion by petitioners to dismiss appeal denied, without costs. Order entered April 26, 1938, reversed on the law, without costs, and motion granted, without costs.