In the Matter of the Application for the Appointment of a Committee of the Person and Property of SARAH CONDON WELCH.— Order affirmed, with ten dollars costs and disbursements. Memorandum: Whether or not the agreement, bond and trust deed were before the court for consideration when it made the order of June 29, 1938, is in dispute. The justice who made the order sought to be amended has declared that " these papers were not used in opposition to the motion for the trial by jury of Mrs. Welch's competency." In view of the dispute between the parties, his declaration of the fact is conclusive. (*Matter of Shultz*, 254 App. Div. 228, 233, and cases cited.) All concur. (The order denies a motion to amend a record on appeal.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

ANNA D. WAY, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant, and Another, Defendant.— Order modified in accordance with the memorandum and as modified affirmed, with ten dollars costs and disbursements of this appeal to the appellant to abide the event. Memorandum: The policy of insurance involved in this case was, by its terms, payable to the executor or administrator of the insured, but the complaint alleged, and plaintiff sought to prove, that she was the intended beneficiary of the policy and that the failure of the policy to name her as such was due to mutual mistake of herself and defendant, or else to her mistake and fraud on the part of defendant, and the complaint demanded that the policy be reformed so as to name plaintiff as the beneficiary, and that she recover on the policy as reformed. The trial court denied the relief demanded, but allowed plaintiff to amend her complaint at the trial " to conform to the proof," then allowed her to prove the amount of premiums which plaintiff had paid, and gave her judgment for the premiums plus interest. That judgment was reversed by this court for the reasons stated in its opinion. (252 App. Div. 424.) A new trial was ordered. When the case again came up for trial plaintiff's counsel stated, on the record, that plaintiff's claim was for recovery of the premiums paid, on the theory that their payment by her had been induced by defendant's fraud, and he asked to amend the complaint so as to demand that relief. The motion was granted on condition of plaintiff's ·paying seventy-five dollars costs. Instead of paying the seventy-five dollars, plaintiff went into Special Term and secured the order appealed from, permitting plaintiff to so amend her complaint as to demand, in the alternative, a reformation of the policy and recovery of the face amount thereof, or recovery of the premiums which defendant, through its fraud, induced plaintiff to pay. Plaintiff has once been denied recovery of the amount of the policy, and has once since then, in open court, abandoned that theory of the case. Under these circumstances the order should be modified by providing that the complaint shall be only for money damages for deceit, and the permission hereby granted is conditioned upon payment of seventy-five dollars by plaintiff to defendant before or at the time of service of the complaint. All concur. (The order grants a motion for leave to serve an amended complaint in an action on a life insurance policy.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.