J. HARVEY FINCH, Respondent, *v.* L. B. FOSTER CO., INC., Appellant.

First Department, May 27, 1921.

**Pleadings — amendment of complaint on trial to conform to proof improper where amendment changes cause of action; also improper when proof received over defendant's objection — complaint alleging sale of goods to plaintiff and resale to third person and transfer of contract of resale to defendant with agreement for commissions — proof that defendant sold directly to third person inadmissible.**

Where it is alleged in the complaint that the defendant sold goods to the plaintiff, that the plaintiff resold the same goods to a third person, and that by an agreement between the plaintiff and the defendant the defendant was to fill said contract with said third person and pay to the plaintiff, as commission, the difference between the sale and resale price, but the proof on the trial was that the agreement for the sale of said goods to the third person was made directly between the defendant and said third person without the intervention of the plaintiff, it was improper to permit the plaintiff to amend his complaint on the trial to conform to the proof

since to do so would be to allege a substantially different cause of action; also improper when proof received over defendant's objection.

Under the allegations in the complaint it was error to admit evidence showing that the transaction was made directly between the defendant and the third person.

APPEAL by the defendant, L. B. Foster Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of December, 1920, on the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*I. Maurice Wormser* of counsel [*Jerome Wilzin,* attorney], for the appellant.

*Joseph Dannenberg* of counsel [*John T. McGovern,* attorney], for the respondent.

PAGE, J.:

The complaint contains two causes of action. The first alleges that on or about the 6th day of May, 1920, the plaintiff and defendant entered into an agreement whereby the defendant agreed to sell to the plaintiff 600 gross tons of steel rails at fifty-four dollars a gross ton, and that thereafter, on the same day, the plaintiff entered into an agreement with Manuel Caragol & Son, Inc., for the sale of the merchandise previously purchased by the plaintiff from the defendant for the sum of fifty-six dollars per gross ton, and the plaintiff, at the special instance and request of the defendant herein, turned over the said agreement to the defendant for the purpose of having the order filled, in consideration whereof the defendant herein promised and agreed with the plaintiff that the defendant would pay the plaintiff a commission of two dollars per gross ton; and that the defendant filled the order and shipped said merchandise amounting to 630 tons, and that the defendant is indebted to the plaintiff in the sum of one thousand, two hundred and sixty dollars.

The second cause of action alleges that on or about the 19th day of May, 1920, the defendant agreed to sell to the plaintiff 1,000 gross tons of steel rails at fifty-four dollars per

ton and the necessary spikes at four dollars per 100 pounds, and that thereafter the plaintiff resold said merchandise to Manuel Caragol & Son, Inc., at fifty-six dollars per gross ton, and it was thereafter agreed between the plaintiff and defendant that the plaintiff was to transfer his order from said Manuel Caragol & Son, Inc., to the defendant, and the defendant was to make an order direct with Manuel Caragol & Son, Inc., for said merchandise at fifty-six dollars per ton, together with the spikes at four dollars per 100 pounds, and in consideration thereof the defendant promised and agreed to pay the plaintiff two dollars per gross ton for all the merchandise shipped by the defendant to Manuel Caragol & Son, Inc., payment to be made when Manuel Caragol & Son, Inc., paid for the said merchandise; that thereafter Manuel Caragol & Son, Inc., entered into a contract with the defendant for the purchase of said merchandise at fifty-six dollars per gross ton, and that the total amount delivered amounted to 1,090 gross tons for which the defendant received payment, and that there became due two thousand, one hundred and eighty dollars. Judgment is demanded for three thousand, four hundred and forty dollars.

The indebtedness under the first cause of action was admitted and the money deposited into court after the commencement of the action. Over the objection and exception of the defendant's counsel the plaintiff was allowed to prove that on the seventh day of May when the contract was entered into for the resale of the 600 tons to Manuel Caragol & Sons, Inc., the defendant gave him a price on a further lot of 1,000 tons at the same price for Caragol, stating that Caragol was the plaintiff's customer and the defendant would protect him. It was proved that the agreement for the sale and purchase of the 1,000 tons of steel rails was made directly by the defendant with Manuel Caragol & Son, Inc., on the 20th day of May, 1920, without the intervention of the plaintiff at all. On the 24th day of May, 1920, plaintiff wrote to the defendant: " Please note that I have induced my customer, Messrs. Manuel Caragol & Son, Inc., to place an additional order with you for 1,000 tons of 80 pound rail, the same as covered by their order to you of May 7th, and ask that you protect me on this business, the same as on the 600 ton order."

The plaintiff was allowed to amend his complaint to conform to the proof, and has recovered judgment for the full amount claimed. The plaintiff's theory is that he was entitled to a commission of two dollars per ton for having effected the sale of 1,000 tons, pursuant to an agreement made on the 7th day of May, 1920. This is an entirely different cause of action from that alleged in the complaint, which was that the defendant had sold to the plaintiff 1,000 tons of steel rails on the 19th day of May, 1920, and that thereafter the plaintiff resold the same to Caragol at a profit of two dollars per ton and turned his contract over for execution to the defendant. The court did not have the power at Trial Term to allow an amendment to the complaint substantially changing the cause of action, nor did the court have the power to grant the motion to amend to conform to the proof which was received over the defendant's objection and exception. (*Grossman Mfg. Co., Inc.* v. *N. Y. C. R. R. Co.*, 181 App. Div. 764, 769.)

The evidence was improperly received. The plaintiff failed entirely to prove the second cause of action alleged in the complaint and the motion to dismiss made at the close of the plaintiff's case and at the close of the entire case should have been granted.

The second cause of action, therefore, should be dismissed and the judgment reduced to $1,272, with interest and costs, and as modified affirmed, with costs to the appellant.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment modified by dismissing second cause of action and reducing judgment to $1,272, with interest and costs, and as so modified affirmed, with costs to appellant.