JOSEPH GOROS, Respondent, v. FREDERICK PIRK, JR., and Others, Copartners, Trading as FRED PIRK & SON, Appellants.

First Department, June 3, 1927.

Contracts — building contract — action to recover on contract for installing plumbing, etc.— complaint alleges full performance — uncontradicted evidence that plaintiff installed only part of radiators defeats his cause of action.

The plaintiff cannot recover in this action, based upon a contract for installing plumbing, gasfitting and hot water systems, and the complaint is dismissed, for it appears that while the complaint alleges full performance of the contract, the uncontradicted evidence shows that the plaintiff did not install all of the radiators specified in the contract. There is no allegation of waiver of this provision and recovery is not sought on the theory of substantial performance.

APPEAL by the defendants, Frederick Pirk, Jr., and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 1st day of March, 1926, upon the decision of the court rendered after a trial at the Bronx Special Term.

*Leonard G. McAneny* of counsel [*McAneny & Bacon,* attorneys], for the appellants.

*M. M. Leichter* of counsel [*John L. Ketcham* with him on the brief; *Weissberger & Leichter,* attorneys], for the respondent.

MARTIN, J. The plaintiff seeks to recover the amount he alleges to be due on a contract entered into by the parties to this action on the 21st day of July, 1923, for installing the plumbing, gasfitting and hot water systems, as well as a satisfactory steam heating plant in a two-family house being constructed by the defendants.

The complaint alleges full performance. There is no allegation of waiver; and recovery is not sought on the theory of substantial performance. The answer is a denial.

The findings of fact and conclusions of law signed by the trial justice are to the effect that the contract was fully performed in all respects and that the plaintiff is entitled to recover the contract price.

To perform this contract it would have been necessary to install at least twelve radiators. The plaintiff testified that but four radiators were installed by him, although he knew several more were required to properly heat the premises.

It was not only established by the evidence of defendants' witnesses, but admitted by the plaintiff that the contract was not fully performed.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.