## THIRD DEPARTMENT, MAY, 1930.

FRANK GEIER, Respondent, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellant.

PER CURIAM. This action was brought to recover indemnity for sickness under the provisions of a sick and accident insurance policy. On the trial there was an attempt made to recover under the separate accident indemnity clause. Plaintiff had internal hemorrhoids and an operation was performed. He claimed that by accident the sphincter muscle was severed. No such cause of action was set up in the complaint nor was there competent proof made of such " accident." Twice during the trial, amendments to the complaint were made practically on the court's own motion. Both were somewhat obscure in their language. The last one was intended to include the cause of action for accident. This amendment was made after the submission of the case to the jury. Sufficient objection was made by defendant's counsel to save the questions for review. ( Novak v. Melnyk, 224 App. Div. 492.) Whilst the former strict rule concerning the amendment of pleadings has been much relaxed (Civ. Prac. Act, §§ 105, 244, ▌ 434; Rules Civ.

Prac. rule 166), a party is still entitled to be informed by his adversary what new cause of action or defense is to be interjected into the trial. The latter is assumed to have his theory on the subject and must have in mind the issues which he proposes to try. (*Finch* v. *Foster Co., Inc.*, 197 App. Div. 172.) It is for counsel to move to amend if the pleading seems insufficient. There must be a fairly definite statement of the proposed amendment either in writing served upon opposing counsel or by an entry thereof in the record of the trial, if time is lacking to prepare and serve an amended complaint. The other party must have fair opportunity to make objection, and should be permitted time to prepare to meet the new issue if it appears clearly that his rights are prejudiced. (*Copeland* v. *Hugo*, 212 App. Div. 229.) It does not mean that the usual argument that he is surprised should always be heeded. It is a question of good faith on the part of counsel and of sound judicial discretion. For failure of proof on the new issue and for error in thus permitting amendments on the trial, the judgment should be reversed and a new trial granted, with costs to appellant to abide the event. Hinman, Acting P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ., concur. Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.