HAROLD B. HUTCHINGS, Plaintiff, *v.* RAY L. TORREY, Defendant.

Supreme Court, Trial Term, Broome County, January 30, 1953.

*Stuart M. Waite* for plaintiff.

*Richard F. Kuhnen* for defendant.

McAVOY, J.  The complaint in this action alleges that plaintiff loaned and advanced to defendant at his request the sum of $10,000 for the sole purpose of enabling defendant to apply for, and if possible, obtain the agency for handling Dodge automobiles in and near Oneonta, New York; that defendant promised and agreed that the money would be used for no other purpose, and that if he failed to obtain such agency said amount would be forthwith returned to plaintiff.

It further alleges that defendant at the same time gave plaintiff his promissory note in said amount, payable in six months, with interest.  That thereafter defendant failed to obtain the agency, but wrongfully converted the money to his own use.

Plaintiff testified upon the trial that defendant told him he needed $10,000 for liquid assets to show the Chrysler Corporation that he was worthy of the deal; that he didn't have suf-

ficient assets to satisfy the Chrysler Corporation and wanted the $10,000 as a short-term loan for that purpose; that defendant promised he would make no other use of the money. Plaintiff admitted that he had an option to take his money back at the end of the six months' period or to take stock to cover the loan if the agency were incorporated.

Plaintiff gave defendant his check in the amount of $10,000, which was later cashed by the defendant. The proof showed that defendant failed to obtain the agency in question. The money was not repaid, and plaintiff testified that defendant told him that he had spent it in various forms of gambling activities.

The question presented is whether these facts are sufficient to prove a conversion of the money by defendant, or whether the transaction merely constituted a loan. It seems clear under these circumstances that the relationship between the parties was that of a debtor and creditor. While the defendant promised plaintiff that he was going to use the money for a specific purpose and thereafter failed to do so, this did not change the essential nature of the transaction.

In Cooley on Torts (Vol. 2, § 330, p. 496), it was said that "conversion will not lie for money which was given to the defendant to be used for a particular purpose and which the defendant converts to his own use." (Citing *Shrimpton & Sons* v. *Culver,* 109 Mich. 577.) (See, also, *Borland* v. *Stokes,* 120 Pa. 278, and *Kerwin* v. *Balhatchett,* 147 Ill. App. 561.)

There are cases holding that "Where one intrusts his property to another for a particular purpose, it is received in a fiduciary capacity and when turned into money that is also received in the same capacity. It does not belong to the agent, and he can lawfully exercise no power or authority over it *except for the benefit of his principal, and only as authorized by him.* If the agent uses it for his own purposes, or fails to pay it over upon a seasonable demand, it is a conversion of that which does not belong to him." (*Britton* v. *Ferrin,* 171 N. Y. 235, 242–243, emphasis supplied; *Baker* v. *New York Nat. Exch. Bank,* 100 N. Y. 31; *Moffatt* v. *Fulton,* 132 N. Y. 507, 515.)

The distinction between the rule laid down in these last-cited cases and as stated by Cooley (*supra*) is that in the one instance the particular purpose contemplated is for the benefit of and the use authorized by the transferor (principal), and in the other instance the particular purpose for which the money or property is to be used is for the benefit of the transferee (borrower). In the former case, technical possession passes

for the particular purpose contemplated but not ownership, while in the latter case both title and possession pass.

It has been held that " conversion is an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights ". (See *Melnick* v. *Kukla,* 228 App. Div. 321, 323.)

It was held in this case that while money may be the subject of conversion, the same as any chattel, in order to entitle plaintiff to recover in trover it must appear that the identical money paid to defendant by plaintiff actually belonged to and was the property of the plaintiff, and that the defendant had converted this money to his own use. (See, also, *Vandelle* v. *Rohan,* 36 Misc. 239; 53 Am. Jur., Trover and Conversion, § 8, p. 811, and 65 C. J., Trover and Conversion, § 24, p. 23.)

" It is elementary that to maintain an action for conversion the plaintiff must show a legal ownership to the particular thing alleged to have been converted. The action cannot be predicated upon an equitable interest or a mere breach of contract obligation." (*Hinkle Iron Co.* v. *Kohn,* 184 App. Div. 181, 184.)

Plaintiff has cited several authorities involving larceny by embezzlement and obtaining property under false pretenses. However, they have no application to the facts here presented. Plaintiff has sued and proceeded upon the theory of conversion. He cannot now succeed by claiming that the property was obtained under false representations and pretenses.

As was stated in the *Hinkle* case (*supra,* p. 183): " The failure to pay it over was simply a breach of contract, and the plaintiff cannot, by changing the form of the action, change the nature of the defendant's obligation and convert into a tort that which the law deems a simple breach of an agreement." (Citing *Walter* v. *Bennett,* 16 N. Y. 250, 252.)

That is precisely the situation which we have in the case at bar. While the court is in complete sympathy with the plaintiff, it cannot spell out of the facts here adduced other than a contractual obligation.

Judgment must accordingly be entered in favor of the defendant dismissing the complaint herein.