Michael Catalano, J.
This is an action at law tried before the court without a jury.
The complaint alleges a cause of action for the breach of a written contract dated July 31, 1956 for the sale by the plaintiff to the defendants “ of premises known as No. 37 Edgewood Road, Village of Lancaster, New York on the 1st day of September, 1956 ” for $16,975; $10 on execution of the contract, $5,665 on August 15, 1956 or on closing of 300 Aurora Street property owned by the defendants, and balance by a mortgage of $11,300; that on July 31, 1956 the defendants notified the plaintiff of the sale of their Aurora Street property; that thereafter a commitment was obtained by the defendants for said mortgage; that on August 17, 1956, the defendants repudiated the contract; that the plaintiff has since August 15, 1956 been “ ready, willing and able to perform the conditions of such contract on its part and to tender to defendants a good and sufficient deed ”; “ that plaintiff duly performed all the conditions of said agreement on its part to be performed ” to plaintiff’s damages of $1,681.15, less the down payment of $10.
The answer is a general denial, in effect.
The written contract dated July 31,1956 provides for the sale by the plaintiff to the defendants of certain premises “ and house known as #37 Edgewood Road, Village of Lancaster, New York. Garage and side entry included. This contract subject to purchaser securing a mortage in the amount of $11,300, from any licensed lender contractor may select.” It describes a garage as follows: “ Garage: 10' rear of house. Size 14' x 20' frame with outside wall and gable roof and shingles to match house; 2 windows hinged no inside trim, on a 4" concrete slab; 8' x 7' Betterbilt overhead door; 1 coat of paint on outside wall shingles, 2 coats of paint on outside trim.” It also states: “ At the time of closing the seller shall tender to the purchaser a *381 warranty deed with lien covenant and revenue stamps attached, conveying good and marketable title in fee simple to said premises free and clear of all matters except as herein provided for. ” “In the event such mortgage commitment is not obtained by September 1st, 1956, either party may cancel this contract by giving written notice of such cancellation to the other party and to the Realtor, in which event the deposit on account shall be returned to the purchaser and this contract shall become null and void.” The contract constitutes “the entire agreement” between the parties, and no realtor is named.
The plaintiff received a letter from the defendants’ attorney dated July 31, 1956 stating that: “ I have taken the search to the Erie County Savings Bank for examination of title. I assume that the Aurora Street property will be closed within a month. ’ ’
The defendants denied receiving a letter mailed to one of them and signed by the plaintiff’s president, dated August 15, 1956, stating: ‘ ‘ Relative to the letter we received from your attorney, that you would like to move in by the 15th, this is to advise you that we can close this property any time, as we have the commitment from the hank. Kindly advise us when you are ready to close this so we can set the closing date with the bank.” “Relative to the garage, ive have all the materials on hand ready to start this, awaiting the okay from your lawyer. However, we can close the deal without the garage and an escrow will be held up on this. Kindly let us know at once, as we are planning to start the garage immediately.” (Emphasis supplied.)
The defendants’ attorney wrote the plaintiff two letters dated August 17, 1956 and August 28, 1956, respectively, refusing to proceed with the contract.
Concededly, no garage was ever built on the premises in question. Neither mortgage nor commitment for $11,300 was ever obtained. The plaintiff sold the premises to a third person on December 21,1956 for $15,700. No closing date was agreed upon by the parties and no deed was ever prepared by the plaintiff.
The defendants paid a $10 deposit to an unnamed salesman of the plaintiff. This salesman was not produced as a witness, nor was his absence accounted for except that the plaintiff’s attorney stated in open court: “ If the Court please, he is no longer a representative of our corporation, but I feel the contract recognizes the ten dollar payment and the contract speaks for itself on these provisions.”
The only witness, produced by the plaintiff, who had personal contact with the defendants, stated he did not remember that *382 the defendants “ told you that unless they could have a garage attached to the side of the house they would not buy the house.” The defendants and a brother-in-law of the defendant, Sara B. Moley, one Angelo Fote, testified without contradiction that a salesman of the plaintiff agreed with the defendants orally that if the defendants paid $10 and signed the contract that a garage could and would be attached to the side of the house. Pursuant to this agreement, the defendants paid the $10 and signed the contract. Nevertheless, such an attached garage was never built.
The vendor had two remedies, one for damages and the other performance; having chosen the former, he must be held strictly to the very terms of his contract and show performance of all the conditions on his part to be performed to put the purchaser in default. (Smyth v. Sturges, 108 N. Y. 495, 503.) “ However positively a vendee may have refused to perform his contract, and however insufficient the reason assigned for his refusal, he cannot be subjected to damages without showing that he would have received what he contracted for, had he performed.” (Bigler v. Morgan, 77 N. Y. 312, 319. Followed: Kotcher v. Edelblute, 250 N. Y. 178,183.) Full performance by the vendor was a condition precedent to his right to have payment, unless the purchaser has accepted the work or waived such performance. (Woodward v. Fuller, 80 N. Y. 312, 315.) A failure to perform fully by the vendor should not result in loss to the innocent purchaser. (Bellizzi v. Huntley Estates, 3 N Y 2d 112, 115. See, also, New Era Homes Corp. v. Forster, 299 N. Y. 303, 306.)
Where the complaint alleges full performance, without allegation of waiver or of substantial performance, an answer of denial is sufficient, since the plaintiff admits that the contract was not fully performed. (Goros v. Pirk, 220 App. Div. 672.)
Even under the “ substantial compliance ” rule the contract must be performed according to its terms, and only omissions “both trivial and innocent” will be atoned for by allowance of damage, rather than forfeiture. (See Jacob S Youngs, Inc., v. Kent, 230 N. Y. 239, 241; Nieman-lrving & Co. v. Lazenby, 263 N. Y. 91, 94; Cassino v. Yacevich, 261 App. Div. 685, 687.)
In this case, the plaintiff failed to prove its case by a fair preponderance of the logically probative evidence. No garage was built, although the contract called for one. No mortgage for $11,300 was obtained, and the defendants cancelled the contract by giving written notice, thus the contract became null and void by its terms. The contract was “ entire ” and indivisible. Mention was made of “ the commitment from the bank ”, but no amount, terms, parties or other provisions have been proven.
*383 A tender of a proper deed conveying the premises with a garage thereon on August 15, 1956, the closing date as claimed by the plaintiff, was necessary, though never made. Even a waiver of this tender could not be established without an existing capacity to perform, especially since no waiver was alleged and proved. (Eddy v. Davis, 116 N. Y. 247, 251, 252; Palmer v. Golden, 221 App. Div. 360, 364.)
Throughout the trial, the plaintiff zealously contended for the parol evidence rule. Generally, the rule is that evidence of what was said between the parties to a valid instrument in writing, either prior to or at the time of its execution, cannot be received to contradict or vary its terms. (Thomas v. Scutt, 127 N. Y. 133, 137.) A real exception to this rule is that want of consideration or delivery upon an unperformed condition and the like, may be shown by parol, not to contradict or vary, but to destroy a written instrument. (Bernstein v. Kritzer, 253 N. Y. 410, 416.)
Applying the general rule here, the plaintiff must fail because the written contract was not performed as written. Yet, the defendants proved without contradiction that the written contract was destroyed since no attached garage could be or was built before the closing date.
In a case, as here, the vendor is entitled only to recover his damage, if any, measured by the difference between the actual value of the land and the contract price. (Bensinger v. Erhardt, 74 App. Div. 169, 172.) A subsequent sale by private compact without notice to the defendants, the price being determined by negotiations exclusive of the defendant, is not proof of actual value and is not binding upon them. (Keitel v. Zimmermann, 19 Misc. 581, 583.) In no event would this plaintiff in this case be entitled to damages based upon taxes, broker’s commission, interest, and the like. (Hayden v. Pinchot, 172 App. Div. 102, 105,106.)
At the end of the hearing, the defendants’ counsel moved to amend the pleadings of both parties to conform to the proof. This motion was granted followed by exception taken for the plaintiff. Upon reconsideration, this motion is denied.
If the plaintiff intended to rely upon modification of the contract, then it was incumbent upon it to allege it in the complaint. (McEntyre v. Tucker, 36 App. Div. 53, 54, 55, 56.) An amendment of pleadings to “ conform to the proof” would lead to injustice when the theory of decision is one not contemplated by the parties at litigation. (Way v. Prudential Ins. Co., 252 App. Div. 424, 426.) Notice and opportunity to defend are prerequisites to amendment of pleadings in open court. (Harriss *384 v. Tams, 258 N. Y. 229, 239. See, also, Hosley v. Black, 28 N. Y. 438, 443; Geier v. Pacific Mut. Life Ins. Co., 229 App. Div. 811-812; Novak v. Melnyk, 224 App. Div. 492, 495, affd. 252 N. Y. 558; Civ. Prac. Act, § 434, “ Variance between pleading and proof.”)
Here, no notice of change in pleadings was given by either party to the other, thus amendment after the entire evidence is in wonld be prejudicial under all the circumstances.
All motions to strike certain evidence are denied.
Let judgment for the defendants be entered, with costs, accordingly, pursuant to this decision. (Civ. Prac. Act, § 440.)