Hugh S. Coyle, J.
The present application is made by respondent mother for a reargument or rehearing in a proceeding originally instituted by writ of habeas corpus to obtain custody of two infant children, son and daughter of the petitioner father and the respondent mother.
Petitioner and respondent, American citizens,' were married and shortly thereafter removed to Havana, Cuba, where they made their home for some years, and during which time the children were born. Subsequent to the birth of the children, marital difficulties arose and as a result the bonds of matrimony were severed by a court of competent jurisdiction of the domiciliary country. Custody of the two children was there granted to petitioner and custody of a younger child was granted to respondent.
Some time after the decree in Cuba an agreement was entered into between the parties as to visitation, and following that it was the custom and practice of petitioner father to send to the United States, the then home of the respondent mother, the two children here involved. In the years 1955, 1956 and 1957, the children spent the Summer months with their mother here, and were returned by their mother to their father in Cuba. However, in the year 1958, the children came here and respondent in the Fall refused to return the children to petitioner, and they are now living with the respondent and her new husband in this country.
In September of 1958 petitioner father brought a writ of habeas corpus to obtain custody of the children and on September 29, 1958, The Honorable Leonard J. Supple, Justice of the Supreme Court, sustained the writ and directed the delivery of the two children to the petitioner father. An appeal was taken to the Appellate Division (8 A D 2d 743) of this Department, and the Appellate Division reversed the order of Mr. Justice Supple, and directed that the matter be returned to the Special Term for the purpose of holding a hearing and taking testimony and permitting cross-examination of the parties involved. In accordance with the decree of the Appellate Division a hearing was held and respondent testified, as did respond *425 ent’s father, petitioner and petitioner’s present wife. Full opportunity was afforded for cross-examination. Following the hearing a decision was made sustaining the writ and awarding custody of the children to the petitioner. Thereafter the instant application was made, and upon the rehearing respondent produced a doctor who stated in substance that in her opinion the best interests of the children would be served by continuing the custody of the children in the respondent mother. No testimony has been elicited charging that either parent is in any way unfit, and indeed it is conceded by all parties that both parties are fit and qualified persons in every respect to be the recipients of the custody of the children. We are faced with the serious question as to whether or not the decree of a foreign State should be disregarded under the circumstances disclosed by the testimony and the various hearings thus far.
Petitioner claims custody by virtue of the Cuban decree dated March 1, 1955. It is now urged that the well-established principle and doctrine that custody of the children of the ages here involved, 9 and 11 respectively, must, in the interests and welfare of these children, continue in the respondent and that the decree of the foreign State is to be disregarded. The so-called expert testimony introduced on behalf of respondent upon the rehearing and reargument indicates no new circumstances, and no change in position of the parties except that both parties have suitably remarried, and in the main reiterates the fact that under ordinary circumstances the custody of children of tender years should be with the mother.
As has been repeatedly stated the paramount consideration in the determination of custody questions is the welfare of the children involved. It must be here borne in mind that the parties were residents of a foreign State, that- the decree of that State is jurisdictionally valid and in order to reverse or abrogate that decree, in the opinion of this court, it is essential that there be shown some fact or facts which would indicate that the remedy sought by respondent would be justified upon proof that the continued custody of the children in the petitioner would be detrimental to the welfare of the children based upon the evidence and the testimony which has been elicited thus far. We are met here with the philosophy accepted by the respondent mother in her marriage and subsequent life with petitioner, and the action of the Cuban court has in effect been ratified and approved by the respondent mother in acting with petitioner by contract or agreement with respect to the establishment of visitation rights.
*426 It is to be noted that in the ease most relied upon by respondent, Matter of Bachman v. Mejias (1 N Y 2d 575) the contest for custody was not between the natural parents of the child, but between a natural parent and the grandparents, and that in Finlay v. Finlay (240 N. Y. 429) there was involved a procedural question wherein custody was sought to be determined by the mechanics of a court action as distinguished from the ancient remedy of habeas corpus, and in that case Judge Cardozo, writing for the court, makes the following statement (p. 431) : “ The residence of the child may not be used as a pretense for the adjudication of the status of parents whose domicile is elsewhere, nor for the definition of parental rights dependent upon status (cf. Kline v. Kline, 57 Ia. 386; Griffin v. Griffin, 95 Oreg. 78; Lanning v. Gregory, 100 Tex. 310; Blackinton v. Blackinton, 141 Mass. 432, 436; Matter of Standish, 197 App. Div. 174). Parents so situated must settle their controversies at home. Our courts will hold aloof when intervention is unnecessary for the welfare of the child.” (Emphasis supplied.)
In Matter of Lang (9 A D 2d 401, 403, 405, 406) Judge Breitel, writing for the Appellate Division, First Department, stated that the court there was involved with two controlling principles: “First, the interests of the children, that is, their welfare, provide the primary basis for judicial action. Second, comity requires that, except in extraordinary circumstances, the fate of these Swiss children be determined exclusively by the Swiss courts which have domiciliary jurisdiction. Applying these principles, Special Term’s order granting custody of the older son to the mother should be reversed, and an order entered directing delivery of the son to the father ” and further language from that decision seems to be here particularly appropriate: “ The problem as so often occurs with respect to those that ensue from a broken home, leaving vengeful antagonistic parents, is not capable of perfect solution.”
Referring further to the decision in the Lang case (supra), in discussing the question of the conflict as between the basic right of custody in the mother and the existence of power in this court to ignore a foreign decree, the following language is found: ‘1 But the existence of power in the court to ignore the Swiss decree and depart from principles of comity does not mean that the power should be exercised in the absence of extraordinary circumstances demonstrating that otherwise the children will suffer (Finlay v. Finlay, 240 N. Y. 429).”
The principle of comity, although not the only controlling factor in cases of this kind, has been recognized by our courts except in those cases where extraordinary circumstances affect *427 ing the health and welfare of the children are found to be present. Such exception does not here appear from all of the evidence.
Accordingly, upon reargument and rehearing the decision of this court dated August 11,1959, sustaining the writ of petitioner father and granting custody of the two children here involved to him is adhered to. Settle order on notice.