■ DOROTHY MARRONE, Appellant, v. ROBERT A. WILLIAMSON, as Administrator of the Estate of CLIFFORD RHODES, JR., et al., Respondents. (Action No. 1.) DOROTHY MARRONE, Appellant, v. SHIRLEY P. RHODES, Respondent. (Action No. 2.) — In a negligence action to recover damages for personal and property injuries, plaintiff appeals from (1) a judgment of the Supreme Court, Dutchess County, entered June 25, 1971, in favor of defendants, upon the trial court's dismissal of the cause for property injuries and upon a jury verdict on the cause for personal injuries, and (2) an order of the same court, dated July 30, 1971, which denied plaintiff's motion to set aside the jury verdict and for judgment for plaintiff or a new trial. Plaintiff's notice of appeal is hereby amended to show that the second paper appealed from is an order dated July 30, 1971 instead of a decision dated July 22, 1971. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. Appeal from the order dated July 30, 1971 dismissed, without costs, as academic in view of the determination herein on the appeal from the judgment. In January, 1964, an automobile driven by defendants' decedent struck the rear of plaintiff's vehicle. In February, 1964, defendants' physician examined plaintiff. At trial in June, 1971, in which plaintiff claimed that the collision had caused a chronic cervical whiplash syndrome, defendants' physician did not testify. A sharp issue was made of plaintiff's credibility. In our opinion, it was error, in the circumstances at bar, to refuse to charge the jury that they could infer that defendants' physician's testimony would not support defendants' version of the case and that they could draw the strongest inferences against defendants that the opposing evidence allowed (see PJI 1:75). Hopkins, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.