VAN VALKENBURGH, NOOGER & NEVILLE, INC., Respondent, v. HAYDEN PUBLISHING COMPANY, INC., et al., Appellants.

First Department, May 16, 1974.

*John E. Haigney* of counsel (*Ronald M. Glick* with him on the brief; *Ide & Haigney*, attorneys), for appellants.

*Ephraim London* of counsel (*Charles A. Soberman* with him on the brief; *London, Buttenwieser & Chalif*, attorneys), for respondent.

LANE, J. Hayden Publishing Co., Inc. has once again moved this court for relief already denied by Special Term, as well as our court, the Court of Appeals and the Supreme Court of the United States.

The issue now reargued before us is whether the measure of damages included in the interlocutory judgment should be disturbed. That judgment, as modified, directed that "the Defendants Hayden Publishing Company, Inc. and Hayden Book Company, Inc. shall account [as an item for the ascertaining and calculation of damages] to the Plaintiff for all sales

and transfers or other disposition of copies of 'Electricity One-Seven' and 'Electronics One-Seven,' as hereinabove defined, and for all rights that have been transferred or licensed, and for the proceeds and benefits derived from the sale, licensing, transfer or other disposition of copies of 'Electricity One-Seven' and 'Electronics One-Seven' (as defined above) and of rights therein; and upon such accounting from the total or totals the Plaintiff shall have judgment against the Defendants Hayden Publishing Company, Inc. and Hayden Book Company, Inc. in the amounts |(plus appropriate interest) of fifteen per cent (15%) of the retail list price of all copies of 'Electricity One-Seven' and 'Electronics One-Seven' (as hereinabove defined) sold or transferred ''.

At each appellate level defendants' argument, that this measure of damages was erroneous, has been rejected.

We are therefore at this juncture in no position to correct or modify that which has become the law of the case (cf. *Hornstein* v. *Podwitz*, 229 App. Div. 167, 169; *Michalowski* v. *Ey*, 8 A D 2d 854, 855, affd. 7 N Y 2d 71).

Furthermore, the interlocutory judgment originally entered clearly set forth the measure of damages and need not be amended (cf. 13 N. Y. Jur., Damages, §§ 38, 113).

Judge CARDOZO in a not dissimilar situation stated: "An account of profits presupposes some approximate relation of correspondence, a causal relation not wholly unsubstantial and imaginary, between the gains of the aggressor and those diverted from his victim [citations omitted] " (*Underhill* v. *Schenck*, 238 N. Y. 7, 17).

Here, too, the measure of damages is a reflection of the royalty agreement between the parties as proven by actual sales and now sent back for a determination of the exact damages. It is not a speculative measure but one grounded on an actual agreement and provable by actual sales.

Accordingly, the order of the Supreme Court, New York County, entered July 24, 1973, denying defendants' motion to correct an interlocutory judgment, should be affirmed, with costs and disbursements.

McGIVERN, P. J. (dissenting). I would reverse and grant the relief requested, or alternatively, make clear that the interlocutory judgment, as heretofore modified, must be read in conformity with the opinion of the Court of Appeals (30 N Y 2d 34). This opinion, which treated the question of damages, cannot be read as relieving the plaintiff from its obligation

of proving it actually incurred damage as a result of defendants' failure to use its best efforts to promote plaintiff's books, an obligation limited to the United States and Canadian markets.

Contrary to the categorical pronouncement of the majority memorandum, the specific relief here requested — rejection of a clear misreading of the interlocutory judgment which would allow recovery on an erroneous rule of damages — has not previously been passed upon by this court, the Court of Appeals, or the Supreme Court of the United States by its denial of a petition for a writ of certiorari in this case. The appeal is before us because the Referee herein has indicated he would relieve the plaintiff from the burden of proving damages and would allow an automatic recovery of a 15% royalty upon all sales of the competing Mileaf books, without reference to the place sold or the higher list price thereof. Approval of this position by the majority constitutes approval of a clearly erroneous measure of damage, never contemplated by the Court of Appeals, and which spurns the properly applicable rules for the ascertainment of damage. "There is no presumption of law or of fact that a plaintiff would have made the sales that the defendant made." (*Michel Cosmetics* v. *Tsirkas*, 282 N. Y. 195, 202; see, also, *George W. Luft Co.* v. *Zande Cosmetic Co.*, 142 F. 2d 536 [2d Cir., 1944], cert. den. 323 U. S. 756.)

The error is the more aggravated here where the liability of the publisher is not predicated upon any exclusivity of obligation to plaintiff, as both this court and the Court of Appeals have made clear. The previous determination of this Appellate Division declared that there existed "no fiduciary relationship * * * between the parties" but one of ordinary contract, for the breach of which money damages were an adequate measure of recovery. The Court of Appeals said (pp. 46–47): "The argument of the publisher in this court *that there was no damage cannot be determined from this record as a question of law.* The publisher has compiled financial results from the record seeking to show the author's royalties and the sales of its books were about the same after, as before, the Mileaf publication began.

"The publisher also contends that in the 18 months before the Mileaf publication began the total sales of the author's books were $435,000 and in a similar period after such publication for which there is evidence, the total sales were $433,600,

and the total sales of both the author's and Mileaf books $615,200. *Whether there was, in fact, damage to the author from the Mileaf publication will be decided at the reference.*" (Emphasis added.)

The interlocutory judgment is ambiguous, ambivalent, and, as interpreted by the majority, is clearly at variance with the direction of this court and the Court of Appeals. It has been misread by the plaintiff and the indicated acceptance by the learned Referee, of the plaintiff's interpretation, at the now suspended reference, can do naught but allow recovery upon an erroneous rule of damages, which will necessitate a further appeal for correction. Further, the bland statement of the majority that they are "in no position to correct or modify that which has become the law of the case" is as inapposite as the citations offered in support of such a misapprehension. Affirmance herein is based on a misreading of the rule of damages intended to be applied by the Court of Appeals — the decision of which court is being patently ignored.

Judicial economy and common sense, and avoidance of the wasting of the time of the parties litigant and the expense incident thereto, should call for the grant of relief requested by the publisher, or alternatively, a clarification of the interlocutory judgment to the extent of diverting the Referee, in his conduct of the reference, from adopting an erroneous measure of damage. The former is the preferential course, particularly in view of the fact that the interlocutory judgment expressly provides "that the parties may apply at the foot of this judgment and decree for such further relief, decree or judgment as it may be advised", which power of revision has already been exercised twice since the Court of Appeals' decision, once at the request of plaintiff, and the second time at the request of the publisher.

It is rudimentary that the interlocutory judgment should be amended so as to reflect the decision of the Court of Appeals (CPLR 5011), and if it does not, this court has, aside from its expressly reserved right to do so, inherent power to make it so conform, in furtherance of justice. (CPLR 5015, subd. [a]; *Ladd* v. *Stevenson,* 112 N. Y. 325; *Clark* v. *Scovill,* 198 N. Y. 279, 286; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac. 5015.12.) The defendant publisher is entitled to a full trial of the issues and whether damages, if any, were sustained by plaintiff, and are properly recoverable. If this not be so, then the statement by the Court of Appeals (p. 47) that "whether there was, in fact, damage to the author [plaintiff] from the Mileaf publi-

cation will be decided at the reference", has been flouted or treated as meaningless verbiage.

True, the Court of Appeals did not adopt the publisher's claim that there was enough in the record to warrant a determination, as a matter of law, that plaintiff was not damaged. But it also made manifest it never intended that plaintiff was to be relieved of its burden of proving it was in fact damaged by the "narrow breach in the failure of the publisher to use its best efforts." (p. 46).

As the Court of Appeals has said, even with respect to more aggravated situations involving unfair competition: "In every case where damages have been recovered, measured by profits which the plaintiff would have derived from sales made by a defendant if the plaintiff had made those sales, there has been some evidence tending to show that the defendant's wrongful acts have caused the plaintiff to suffer a commensurate decrease of profits." (*Michel Cosmetics v. Tsirkas*, 282 N. Y. 195, 202, *supra*.) Here, the record indicates that some of the Mileaf books were sold in countries other than the United States and Canada. Plaintiff can claim no damage as a result of these sales; and the Referee's premature ruling that the plaintiff is routinely entitled to 15% of the retail price lists of the Mileaf books sold is not in accord with the already expressed view of the appellate courts. (*George W. Luft Co. v. Zande Cosmetic Co.*, 142 F. 2d 536, *supra*.)

Thus, the adoption of the Referee's ruling, and an affirmance without clarification, impliedly approving such ruling, contravenes the determination of the Court of Appeals that the fact of damage, if any, was a matter to be decided at the reference; it also circumvents the ruling that the question of costs of the appeals was to "abide the event". And since the request only pertains to a curable irregularity, and at the very least, correction of an obvious misconstruction of the interlocutory judgment, the request should be granted and what is amiss should be rectified now. Otherwise, "Bad begins and worse remains behind."

MARKEWICH, KUPFERMAN and MURPHY, JJ., concur with LANE, J.; McGIVERN, P. J., dissents in an opinion.

Order, Supreme Court, New York County, entered on July 24, 1973, affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal.