■ RALPH ROSA, an Infant, by His Mother and Natural Guardian, AMADA MARTINEY, et al., Appellants, v MURRAY BLANDER, Respondent.—In a negligence action to recover damages for personal injuries sustained by the infant plaintiff, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered January 15, 1973, in favor of defendant upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to appellants to abide the event. Questions of fact have not been raised or considered. Defendant's automobile came into contact with the infant plaintiff at or near a street intersection. As part of their case, plaintiffs

called defendant as a witness, who testified, essentially, that the infant had walked into the side of the car. After the close of plaintiffs' case, defendant took the stand and stated that at the time of the accident his wife was in his car and he identified a woman in the courtroom as his wife. Having so testified, he rested. Plaintiffs requested a charge that defendant's failure to call his wife as a witness would entitle the jury to draw the inference that her testimony would not have been favorable to him with regard to the manner of happening of the accident. The court refused to so charge and indicated to the jury that, since the wife was in the courtroom and available to both sides, no such conclusion could be drawn. The refusal to charge as requested was error. The principle of equal availability is not applicable in a case where the witness, although equally accessible to both parties, is favorable to one party and unfavorable or hostile to the other (see Richardson, Evidence [Prince, 10th ed], § 92; see, also, *Reehil v Fraas,* 129 App Div 563, 566, revd on other grounds 197 NY 64). Hopkins, Acting P. J., Martuscello, Munder and Shapiro, JJ., concur.