Per Curiam.
 

 The many appeals taken in this case, addressed to the issue whether the 15% rate to be applied to the sales of the "Mileaf’ books is to be computed and accounted in the pending suspended reference, have established the "law of the case” (see
 
 Politi v Irvmar Realty Corp.,
 
 13 AD2d 469; see, also,
 
 Telaro v Telaro,
 
 25 NY2d 433, 437-438; see, generally, 7 Weinstein-Korn-Miller, NY Civ Prac, par 5522.06, p 55-162; 5B CJS, Appeal & Error, § 1821, p 181). There is, therefore, to be such computation and accounting. It is equally the law of the case, however, established in the earlier appeals in 1970 and 1971 to the Appellate Division and this court, that plaintiff
 
 *805
 
 may recover only damages for breach of contract by defendant in failing to use best efforts to promote plaintiff’s books, and not to recover on the theory of diverted profits by a breaching fiduciary (30 NY2d 34, 44, 46).
 

 It is also true that on the prior appeal to this court it was held that this court could not conclude as a matter of law that plaintiff was damaged, and if so, what the amount of those damages might be (30 NY2d 34, at p 46).
 

 Putting these propositions together, established as the law of the case and on that basis only, the 15% "royalties” are to be computed in the reference; the reference is also to determine whether plaintiff was damaged, and whether the 15% "royalties” on the "Mileaf’ books represent the equivalent of damages for breach in the failure to promote plaintiff’s books, on the theory (still to be established on the reference as a fact) that the Mileaf sales represent sales that, but for defendant’s breach, would have been of plaintiff’s books (30 NY2d 34, 46-47, mot for rearg den 30 NY2d 880). Definitely not precluded are any additional damages, if plaintiff can establish them, or any substitute measure of damages, if plaintiff can establish it, or which defendant can show is a more áppropriate measure of damages. '
 

 Regardless of which "measure of damages” is used, if damage were shown, the measure, whether of the 15% "royalties”. on the Mileaf books or any other measure, must be related by the damage fact-finder to the territories covered by the original agreement between the publisher and the author (see 44 AD2d 412, 416 [dissenting opn]). The damages, if any, must also be related as facts found on the reference to the period during which the prior orders have fixed as the period of breach and for the fixing of damages (42 AD2d 554).
 

 Finally, this litigation not only has involved unnecessary and duplicate appeals and motions but threatens to become interminable. This court in particular should not be burdened with fragmented appeals from interlocutory orders and interrupted fact-finding-proceedings. The reference should go to a speedy conclusion, and if the parties believe that different measures of damages or different modes of proof bearing on the fact of damage are involved, the different measures and modes should be proven, and findings of fact made by the fact-finders to the end that an embracing final judgment is rendered, subject, of course, to the normal rights of appeal from such final judgment. In order to avoid rehearings the alterna
 
 *806
 
 tive measures and modes of proof of the fact and amount of damages will permit the appellate courts to render effective review, hopefully without the need for remand or remitter for new or additional findings of fact.
 

 Perhaps the use of such alternatives places a heavy burden on the parties, but it is the result of their own making.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs to plaintiff to abide the event.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed, with costs to plaintiff to abide the event. Question certified answered in the affirmative.