■ MARINE MIDLAND BANK, Appellant, v JOHN E. RUSSO PRODUCE CO., INC., et al., Respondents.—Order and judgment unanimously modified by reversing as to respondents John E. Russo Produce Co., Inc., John E. Russo and Rita Russo, and a new trial granted as to them, with costs to abide the event, and, as so modified, order and judgment affirmed, with costs to defendants Canestraro Produce, Inc., and Joseph Russo, against plaintiff. Memorandum: In this action for fraud and conversion, appellant claims that it was damaged as the result of a "check-kiting" scheme engaged in by the defendants. At the trial appellant offered proof to show that John E. Russo Produce Co., Inc. (Russo) deposited checks in its account with appellant based on checks drawn on Russo's Citibank account, where no real funds existed, and covered the Citibank checks with checks drawn on its account

with appellant, causing the account to be overdrawn on January 19, 1977. During this period numerous checks were drawn on the Russo Citibank account to Canestraro Produce, Inc. (Canestraro), a family-owned corporation with close familial and business ties to Russo and were deposited in Canestraro's account with plaintiff. In response to written interrogatories the jury found that these acts did not constitute fraud or conversion and that appellant was damaged in the amount of $309,800 on which the court entered judgment in favor of all defendants. Appellant requests a reversal of the judgment or in the alternative a new trial. The apparent inconsistency of the jury's verdict does not merit its reversal. The jury was supplied with a list of 12 questions headed by the statement "in addition to a general verdict, you must answer the following questions." The first 10 questions inquired whether the five defendants were liable for either fraud or conversion. The eleventh question asked: "Marine Midland has alleged that it was damaged in the amount of $309,800.00 * * * In what amount, if any, do you determine it was injured?" The Trial Judge instructed the jury that if they answered "no" to the first 10 questions, they need not answer Questions Nos. 11 and 12, and that their verdict would then be no cause of action as to all the defendants. The jury answered "no" to Questions Nos. 1 through 10 and, disregarding the court's instructions, answered "$309,800" to Question No. 11. Question No. 12 was not answered. Thus the jury found no liability on the part of respondents under the only two theories submitted. Question No. 11 is couched in terms of "injury" not liability and the bank's injury was never disputed. A general verdict is merely a conclusion drawn from the components of the jury's findings. "When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court shall direct the entry of judgment in accordance with the answers, notwithstanding the general verdict" (CPLR 4111, subd [c]). Here the only conclusion that can be drawn from their answers is that the jury rendered a verdict in favor of the defendants and the failure by the jury to formally articulate that conclusion must be held to be inadvertent and nonprejudicial. However, the court committed reversible error in charging that no unfavorable inference could be drawn from the invocation by John and Rita Russo of the Fifth Amendment when questioned about the "check-kiting" scheme. Their knowledge was a central issue in the controversy. The trial court should have charged the jury that it could infer that their testimony would not support their version of the case and that the jury could draw the strongest inferences against them that the opposing evidence allowed (*Matter of Bernard v Lavine,* 48 AD2d 616, app dsmd 36 NY2d 982, app dsmd 37 NY2d 773; *Matter of Gonzales v Dumpson,* 46 AD2d 861, app dsmd 36 NY2d 806; *Bradley v O'Hare,* 2 AD2d 436, 442; see *Rosa v Blander,* 47 AD2d 865; *Marrone v Williamson,* 40 AD2d 873, app withdrawn 32 NY2d 645; Richardson, Evidence [10th ed], § 534; see PJI 1:75). A verdict in favor of the defendant will not be set aside as against the weight of the credible evidence "unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence" (*Abdoo v Wentworth,* 49 AD2d 1002; *McDowell v Di Pronio,* 52 AD2d 749). In its case against the defendants Russo and John Russo, plaintiff established all the elements of its cause of action for fraud by uncontroverted evidence. Unrebutted testimony confirmed that John Russo had actual knowledge of the state of the corporate accounts. Also, as an officer and active participant in the management of the corporation, he would be held to have knowledge of the accounts as drawer of the checks (see *A. Sam & Sons Produce Co. v Campese,* 14 AD2d 487 and cases

cited therein). A finding of liability against Canestraro for fraud is dependent upon a finding of knowledge that the checks from Russo were drawn on "kited" funds. Although at times overdrafts in the Canestraro account were covered by Russo Citibank checks, no Russo check deposited by Canestraro was returned as uncollectible and its account was not overdrawn on January 19, 1977. It had no involvement with the checks in question. When Canestraro deposited Russo's checks in its account with appellant it made no representation express or implied as to the sufficiency of Russo funds. Furthermore, there was sufficient evidence for the jury to conclude that Rita Russo, an employee and authorized signatory, performed only mechanical functions for Canestraro and, therefore, her knowledge of the account activity could not be imputed to it. There was sufficient evidence in the record for the jury to find that the checks were drawn to pay Russo's sales obligations to Canestraro and that its corporate officers did not know about the activity of the Russo accounts and were not guilty of any tort. Any error in the trial court's instructions to the jury had no bearing on the judgment in favor of Canestraro and its officers. The evidence does not support plaintiff's cause of action for conversion. Although money may be the subject of an action for conversion (*Gordon v Hostetter,* 37 NY 98; *Jones v McHugh,* 37 AD2d 878), the money sued upon must have been the property of or belonged to the plaintiff and a mere claim of moneys paid out by mistake based upon contract will not support an action for conversion (*Melnick v Kukla,* 228 App Div 321). In the instant case, defendants are not obligated to refund any specifically identifiable fund and "Conversion will not lie as a cause of action [where] No object or tangible personalty was involved" (*Laurent v Williamsburgh Sav. Bank,* 28 Misc 2d 140, 144; see, also, *King v King,* 13 AD2d 437). It is unnecessary to reach other questions raised, except to point out that in the event of a retrial defendants are entitled to produce evidence as to plaintiff's banking procedures which may be relevant on the element of reliance. Further, plaintiff may be well advised to seek an amendment of the complaint prior to the new trial. It was not error for the trial court to grant plaintiff's motion to conform the pleadings to the proof (CPLR 3025, subd [c]) which normally allows a change in the theory of recovery sought by the plaintiff (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.28). The court did not err in its refusal to charge a theory of recovery as requested in writing by plaintiff based on "money had and received." Plaintiff's failure to point out definitely the scope of the intended amendment (see *Copeland v Hugo,* 212 App Div 229; *Geier v Pacific Mut. Life Ins. Co. of Cal.,* 229 App Div 811; *Way v Prudential Ins. Co. of Amer.,* 252 App Div 424; *Farrington v Farrington,* 272 App Div 818; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.29) and to make known the specific nature of plaintiff's objection to the charge (*Rogers v Long Is. R. R. Co.,* 29 AD2d 47, affd 22 NY2d 918; *Read v Nichols,* 118 NY 224; *Smedis v Brooklyn & Rockaway Beach R. R. Co.,* 88 NY 13, 23) does not make the refusal to charge reversible error. The judgment for the defendants John E. Russo Produce Co. and John E. Russo was against the weight of the evidence and the failure by the trial court to charge that an adverse inference could be drawn by John E. Russo's and Rita Russo's invocation of the Fifth Amendment privilege merits the granting of a new trial against these three defendants. (Appeal from order and judgment of Onondaga Supreme Court—conversion, etc.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Schnepp, JJ.