■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DUDA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered August 20, 1979, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The defendant contends that the evidence against him was insufficient, as a matter of law, to establish guilt beyond a reasonable doubt. Viewed in a light most favorable to the People *(People v Benzinger*, 36 NY2d 29), the record establishes that Mary Stone, the complaining witness, lent money to the defendant. Concededly the defendant did not repay any part of the loan. Although the lender was motivated by a desire that defendant purchase a certain grocery store with the loan proceeds, defendant's failure to do so does not change the nature of the transaction *(Hutchings v Torrey*, 203 Misc 1038). "The essence of the crime of larceny by embezzlement is the conversion by the embezzler of property belonging to another which has been entrusted to the embezzler to hold on behalf of the owner" *(People v Yannett*, 49 NY2d 296, 301). There is a distinction between the refusal to pay a valid debt and the crime of larceny by embezzlement. If the money was not given to defendant in trust, he was free to use it for any purpose *(People v Yannett, supra)*. On the record before us the People failed to establish a fiduciary arrangement. As the record indicates, an interest bearing loan was intended by the parties, and upon delivery of the funds to the defendant they became

his property. Thus there was no misappropriation of property from the owner (Penal Law, § 155.00, subd 5) and the mere failure to pay one's debts is not a crime *(People v Churchill,* 47 NY2d 151). Accordingly defendant's conviction must be reversed and the indictment dismissed since the evidence is legally insufficient to establish beyond a reasonable doubt that defendant was guilty of larceny by embezzlement (CPL 470.15, subd 2, par [b]). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur. .