**MASSIVE PAPER MILLS, Plaintiff,**

v.

**TWO–TEN CORPORATION, Double Ten International Corp., and Jules Frimet, Defendants.**

**No. 85 Civ. 9927 (RWS).**

United States District Court, S.D. New York.

Sept. 18, 1987.

Donovan & Chang, New York City, for plaintiff; by Christopher E. Chang, of counsel.

Strassberg & Strassberg, P.C., New York City, for defendants.

SWEET, District Judge.

Plaintiff Massive Paper Mills ("Massive"), alleging an action for conversion, seeks the recovery of $42,000 together with interest thereon from August 29, 1984 from defendant Jules Frimet ("Frimet").

**Prior Proceedings**

In an opinion dated February 6, 1987, summary judgment in favor of Massive on its first cause of action was granted

---

against defendant Two-Ten Corporation ("Two Ten") for breach of contract. Massive's remaining claims against Two Ten and Frimet were set for trial.

On June 20, 1987 a bench trial was held and evidence was adduced upon which the following facts are found and conclusions reached.

**The Facts**

No evidence was introduced at trial to alter any of the facts previously set forth in the February 6, 1987 opinion, familiarity with which is assumed. Those findings are supplemented by the following as a result of evidence adduced at trial.

On June 11, 1984, Massive, a New Jersey corporation with offices in New York, entered into a written agreement (the "Contract") with Two Ten, a Philippines corporation which engages in the manufacture of paper products.

Pursuant to the Contract, the purchase price of the paper was $289,750 (US) payable as follows: $190,000 by an irrevocable letter of credit; $42,000 upon request by Two Ten; and the balance of $57,750 upon delivery of the paper. The paper was to be delivered by Two Ten by ocean freight to Massive in Manila. Partial shipments of the paper of at least 100 metric tons were permitted. Total delivery of the paper was to be completed within sixty days after Massive's issuance of the aforesaid letter of credit was established. As has been previously determined, Two Ten had breached the Contract by its failure to deliver the paper to Massive.

In the course of the relationship between the parties at the request of Frimet, Massive made a $42,000 payment to Two Ten on or about August 29, 1984, which was received by Two Ten on August 29, 1984, as a condition to shipment of the paper, which was never shipped.

Formal demand for the return of the $42,000 payment was made by Massive by letter and telex dated February 6, 1985 and February 7, 1985, respectively, a demand to which Two Ten has not acceded. Massive's attempts to satisfy its judgment entered upon the February opinion against Two Ten have been unsuccessful.

Frimet was the sole shareholder, president and chief financial officer of Two Ten during 1984 and the representative of Two Ten in the transaction with Massive. Two-Ten has three employees, one of whom is Mark Frimet, Frimet's son. It occupied a small office in New York City from which its business, principally that of brokering transactions in paper, was conducted.

After the receipt of the $42,000 from Massive on August 29, 1984 the money was placed in the Two Ten corporate account and intermingled with whatever other funds were present in the account. Out of the account sums were paid for expenses in locating paper, booking freight for the purchase of sportswear, salary, office supplies, petty cash advances, reimbursements to the officers and other expenses, most of which were unrelated to the Massive transaction.

**Conclusions**

■ To prevail on its claim for conversion of money, Massive must prove (1) that it had an ownership interest or an immediate superior right of possession in the money and (2) that Frimet exercised unauthorized dominion over the money to the exclusion of Massive's right. *Newman v. Silver*, 553 F.Supp. 485 (S.D.N.Y.1982), *aff'd in part, vacated in part*, 713 F.2d 14 (2d Cir.1983); *Independence Discount Corp. v. Bressner*, 47 A.D.2d 756, 365 N.Y.S.2d 44 (2d Dep't.1975). To meet its burden of proof with respect to the first element, Massive must show that the money was contained in a specific, identifiable fund and was designated for a particular purpose for Massive's benefit. *Northern Trust Co. v. Chase Manhattan Bank, N.A.*, 582 F.Supp. 1380 (S.D.N.Y.), *aff'd*, 748 F.2d 803 (2d Cir.1984); *Meese v. Miller*, 79 A.D.2d 237, 436 N.Y.S.2d 496 (4th Dep't. 1981); *Marine Midland Bank v. John E. Russo Produce Co.*, 65 A.D.2d 950, 410 N.Y.S.2d 730 (4th Dep't.1978), *modified on other grounds*, 50 N.Y.2d 31, 427 N.Y.S. 961, 405 N.E.2d 205 (1980). On the other hand, Massive cannot prevail on its action for conversion where the record reveals

merely a damage claim for breach of contract. *Peters Griffin Woodward, Inc. v. WCSC, Inc.*, 88 A.D.2d 883, 452 N.Y.S.2d 599 (1st Dep't.1982); *Hutchings v. Torrey*, 203 Misc. 1038, 119 N.Y.S.2d 119 (N.Y.Sup. 1953).

■ At trial, it was established that on or about August 29, 1984 Massive wire-transferred $42,000 to Two Ten in partial pre-payment for the shipment of paper. The money was placed in the Two Ten corporate account where it was commingled with whatever other funds were present in the account and used to pay expenses as mentioned above, not all of which were unrelated to the Massive transaction.

Under these facts, Massive has failed to sustain its burden of proof as to the first element, namely, that it retained an ownership interest in the money advanced to Two Ten. Massive has not shown that the money was paid into, or was intended to be paid into, a designated fund for its benefit, *see Hinkle Iron Co. v. Kohn*, 229 N.Y. 179, 128 N.E. 113 (1920), nor has Massive proven that the money was to have been set aside and held in trust pending the delivery of the paper, *see Meese v. Miller*, 79 A.D.2d 237, 436 N.Y.S.2d 496 (4th Dep't.1981). In short, Massive's reliance on proof of monies paid into a general corporate account is insufficient to meet the "specifically identifiable" standard of actions for conversion of money. *See Peters Griffin Woodward, Inc. v. WCSC, Inc.*, 88 A.D.2d 883, 452 N.Y.S. 599 (1st Dep't.1982).

Because Massive has failed to adduce sufficient proof to support its claim for conversion of money, its remaining claims against Two Ten and Frimet are dismissed.

IT IS SO ORDERED.